Anna Y. Park, California Bar Number 164242
Michael J. Farrell, California Bar Number 266553
Carol Igoe, California Bar Number 267673
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301

Elizabeth A. Naccarato, Nevada Bar Number 11221
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Boulevard South, Suite 8112
Las Vegas, Nevada 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Gregory H. King, Nevada Bar Number 7777
Mathew L. Durham, Nevada Bar Number 10342
PAYNE & FEARS, LLP
7251 West Lake Mead Boulevard, Suite 525
Las Vegas, Nevada 89128
Telephone: (702) 382-3574
Facsimile: (702) 382-3834
Attorneys for Defendant
SHACK-FINDLAY AUTOMOTIVE, LLC

-1-

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, | ) ) ) ) Case No.: 2:10-cv-01692-KJD-RJJ |
| vs. | ) ) **Consent Decree; Order** |
| SHACK-FINDLAY AUTOMOTIVE, LLC d/b/a FINDLAY HONDA, and FINDLAY AUTOMOTIVE GROUP, and Does 1 – 10 Inclusive, Defendants. | ) ) ) ) ) ) |

## I.    INTRODUCTION

Plaintiff the U.S. Equal Employment Opportunity Commission and Defendant Shack-Findlay Automotive, LLC d/b/a Findlay Honda Henderson ("Defendant" or "Findlay Honda Henderson") hereby stipulate and agree to entry of this consent decree and order ("Decree") to resolve the EEOC's complaint in U.S. Equal Employment Opportunity Commission v. Shack-Findlay Automotive, LLC d/b/a Findlay Honda, et al., 2:10-cv-01692-KJD-RJJ (the "Action").  The EEOC brought this Action pursuant to Title VII of the Civil Rights Act of 1964.  In this Action, the EEOC alleged that Defendant discriminated against Charging Parties Sydney Robinson and Jason Grinstead by subjecting them to racial harassment, disparate treatment, and retaliation.  Defendant denied those allegations.

## II.    PURPOSES AND SCOPE

A.    This Decree is made and entered into by the EEOC and Defendant (collectively, the "Parties").

B.     Any provision intended to bind or be enforceable against Defendant will bind and be enforceable against Defendant's officers, directors, agents, successors, and assigns.

C.     The Parties have entered into this Decree in order to:

    1.     provide appropriate monetary and injunctive relief;

    2.     ensure Defendant's employment practices comply with Title VII;

    3.     ensure that Defendant's managers, supervisors and employees are given training on their obligations under Title VII;

    4.     ensure a work environment free from hostility and retaliation;

    5.     provide an appropriate and effective mechanism for handling discrimination complaints in the workplace; and

    6.     avoid the time, expense, and uncertainty of further litigation.

D.     The scope of this Decree will be company-wide, except as otherwise specified in this Decree.

E.     The EEOC is the only party with standing to enforce this Decree.

### III.     RELEASE OF CLAIMS

A.     This Decree fully and completely resolves all issues, claims, and allegations raised in the complaint filed by the EEOC in this Action.

B.     Nothing in this Decree will be construed to preclude the EEOC from moving to enforce this Decree in the event that Defendant fails to perform the promises contained herein.

C.     Nothing in this Decree will be construed to limit or reduce Defendant's obligation to comply with Title VII or any other federal law.

D.     This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant.

## IV.     JURISDICTION AND FINDINGS

A.     The Court has jurisdiction over the Parties and the subject matter of this Action. The complaint in this Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B.     The terms and provisions of this Decree are fair, reasonable, and just.

C.     This Decree conforms with the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person.

D.     The Court will retain jurisdiction over this Action during the duration of the Decree for the purpose of entering any order, judgment, or decree necessary to implement the relief provided herein.

## V. NO ADMISSION OR DETERMINATION OF THE MERITS

This Decree does not constitute and shall not be deemed to be an admission by any Party about the merits of the allegations, claims or defenses of any other Party. By stipulating and agreeing to the entry of this Decree, Defendant does not admit, and in fact denies, that it has violated Title VII.

## VI.     EFFECTIVE DATE AND DURATION

A.     The provisions contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.     This Decree will remain in effect for 2.5 years after the Effective Date.

# VII.   MODIFICATION AND SEVERABILITY

A.   This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.

B.   By mutual agreement of the Parties, this Decree may be amended in the interests of justice and fairness in order to effectuate its provisions.

C.   No amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

D.   If one or more of the provisions of this Decree is rendered unenforceable the remaining provisions will remain in effect.

# VIII. COMPLIANCE AND RESOLUTION

A.   The Parties agree that if the EEOC has a good and sufficient basis to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may file a motion before this Court to enforce the Decree, subject to Paragraph "B" below.  Prior to initiating such action, the EEOC will notify Defendant, in writing, of the nature of the dispute.  This notice will specify the particular provision(s) that the EEOC believes Defendant has breached.  The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC's notice.

B.   Defendant will have thirty days from the date the EEOC provides written notice of an alleged breach of this Decree to attempt to resolve or cure the breach.  If thirty days pass without resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time as Defendant  is shown to be in breach of the Decree.

## IX.  MONETARY AND CLAIMANT-SPECIFIC RELIEF

A.     A total of one hundred and fifty thousand dollars ($150,000.00) (the "Settlement Sum") will be paid on behalf of Defendant to be distributed, at the sole discretion of the EEOC, between Sydney Robinson and Jason Grinstead ("Claimants").

B.     The EEOC has designated the Settlement Sum as non-wage compensation under Title VII, and no tax withholding will be made.  However, Defendant will report the entire amount of the Settlement Sum on IRS Form 1099 as having been paid to Claimants, and Claimants will be solely responsible to remit to any and all federal and/or state tax authorities any taxes due on such payments. Defendant will not be liable or responsible for payment of any taxes to any taxing authorities on behalf of Claimants relating to payments hereunder.

C. The EEOC will provide Defendant with a list identifying each Claimant's portion and amount of the Settlement Sum and the name and address to which each Claimants' portion and amount of the Settlement Sum will be delivered.  Defendant will send a check, via certified mail, to each Claimant in the amount specified within fifteen days of the Effective Date.

D.     Within ten business days of the issuance of each settlement check Defendant will provide a copy of each check and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

E.     Other Non-Monetary Terms.  Defendant will refrain from providing negative references about Claimants to prospective employers and will limit employment references related to Claimants to verifying whether the identified Claimant was employed by Defendant, the last position in which the Claimant was employed, and the duration of employment with Defendant.  Defendant will reclassify the termination of each Claimant to "voluntary resignation."

# X.  GENERAL INJUNCTIVE RELIEF

A.  Non-Discrimination

    1.  *Discrimination Because of Race.* Defendant and its directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby agree not to:

        (a)  discriminate against persons on the basis of race;

        (b)  engage in or be a party to any action, policy, or practice that discriminates against any employee because of race; or

        (c)  create, facilitate, or permit a hostile work environment.

    2.  *Retaliation.* Defendant, its directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby agree not to engage in, implement, or permit any action, policy, or practice that unlawfully retaliates against any current or former employee or applicant because he or she has in the past, or during the term of this Decree:

        (a)  opposed any practice that he or she reasonably believed to be discriminatory, harassing, or retaliatory;

        (b)  filed a charge with the EEOC alleging such a practice;

        (c)  participated in any manner in any investigation (including any internal investigation undertaken by Defendants) relating to any claim of a Title VII violation;

        (d)  was identified as a possible witness or claimant in this Action;

        (e)  asserted any rights under this Decree; or

(f) sought and/or received any Settlement Amount in accordance with this Decree.

B. Posting

Within ten business days after the Effective Date and for the duration of the Decree, Defendant will post the notice (attached as "Exhibit A") of the terms of this Decree in a clearly visible location in its employee break room.

C. Equal Employment Opportunity Consultant

Within thirty days after the Effective Date, Defendant will retain Anthony Martin, Esq., of Ogletree Deakins, as an Equal Employment Opportunity Consultant ("Consultant") to monitor Defendant's compliance with Title VII and this Decree. For the term of the Decree, the Consultant's responsibilities will include:

1. ensuring that all employees, including management, supervisory, and human resources employees, are trained on their rights and responsibilities under Title VII and this Decree, including the responsibility to provide a workplace free of discrimination, harassment, and retaliation;

2. ensuring that all employees, including management, supervisory, and human resources employees, are trained on Defendant's revised policies and procedures relating to discrimination, harassment, and retaliation;

3. monitoring any investigation of any complaint of discrimination, harassment, or retaliation to ensure compliance with Title VII and this Decree;

4. ensuring that Defendant properly communicates with complainants as required by this Decree;

5. ensuring that Defendant creates a centralized system of tracking discrimination, harassment, and retaliation complaints, as required by this Decree;

6. ensuring that Defendant's performance and discipline policies hold employees and managers accountable for failing to take appropriate action regarding complaints of discrimination, harassment, or retaliation, or for engaging in conduct prohibited under Title VII or this Decree;

7. preparing a semi-annual report on Defendant's compliance with Title VII and this Decree;

8. ensuring that Defendant timely submits all reports required by this Decree; and

9. ensuring Defendant's full compliance with the spirit and the letter of the terms of this Decree.

D. Revised Policy and Complaint Procedure

1. The revised policy and complaint procedure ("revised policy") apply company wide and to all Findlay Automotive Group dealerships. Within thirty days of the effective date, the revised policy and complaint procedure will be distributed to all employees of the Findlay Automotive Group member dealerships. Defendant will verify distribution of the revised policy, in writing, to the EEOC within sixty days of the effective date.

2. Defendant has revised its policies and procedures on discrimination, harassment, and retaliation, including the complaint procedure, as described below.

3. Defendant has submitted to EEOC a copy of the revised policies.

4. The revised policy includes:

    (a) a clear explanation of prohibited conduct, including examples; and

    (b) a complete copy of the revised complaint procedure described below.

5. The revised policy states that all employees are responsible for adhering to the provisions of the policy and maintaining a work environment that is free from discrimination and harassment. It assures employees that Defendant will hold all employees accountable for engaging in conduct prohibited under Title VII or this Decree.

6. The revised policy clearly states that:

    (a) an employee who believes that he or she has suffered discrimination, harassment, or retaliation may file an internal complaint using Defendant's internal complaint procedure;

    (b) employees may initiate an internal complaint verbally or in writing to any appropriate person, and no special form is required;

    (c) Defendant will not tolerate retaliation against any employee for making a complaint, and prohibit employees from hindering its internal investigations and complaint procedure; and

    (d) if an allegation of discrimination or retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

7. The revised policy ensures that Defendant:

    (a) maintains the confidentiality of the complaint, complainant, and investigation to the fullest extent possible;

    (b) takes every reasonable step to promptly resolve complaints;

(c)    promptly commences a thorough investigation; and

(d)    to the extent necessary and possible, interviews all relevant witnesses, including the complainant, and reviews all relevant documents.

8.    The revised policy does NOT require that the complainant:

(a)    confront his or her harasser; or

(b)    file an internal complaint instead of, or in addition to, an external complaint.

9.    The Consultant will track all complaints filed under the revised policy and retain records regarding investigation and resolution of all such complaints, including but not limited to those complaints made through the hotline. The Consultant will also ensure that Defendant publicizes the revised complaint procedures and will monitor Defendant's investigation and resolution of any complaints made.

E.    <u>Training</u>.

1.    All employees of Defendant who are not required to undergo the training identified in subsection 2 below will be required to attend a live training program of at least one hour regarding discrimination, harassment, and retaliation. The training will be mandatory and will occur once every year for the term of this Decree. The first training will occur within sixty (60) days after the Effective Date. Any employee who fails to attend any scheduled training will be trained within thirty (30) days of the live training set forth above.

2.    Every manager, supervisor, and human resource employee of Defendant will be required to attend live Management Training of at least three hours duration once every year for the term of this Decree. The first Management Training will occur within sixty (60) days after the Effective Date.

3.     Any employee who fails to attend any scheduled training will be trained within (30) days of the live training set forth above.

4.     All trainings under this Decree will include review of EEO Law; every employees' rights and responsibilities under Title VII and this decree; and Defendant's revised policies and procedures for reporting and handling complaints of discrimination, harassment, and retaliation.

5.     All Management Training will include training on how to properly handle and investigate complaints of discrimination, harassment, and retaliation in a fair and neutral manner; how to take preventive and corrective measures against discrimination, harassment, and retaliation; and how to recognize and stop discrimination, harassment, and retaliation.

6.     Within thirty days of the date of hire, for the remainder of the term of this Decree, every new employee, including managerial, supervisory, and human resources employees, will receive the appropriate training described above.

7.     Within thirty days of the date of promotion, for the remainder of the term of this Decree, every employee promoted from a staff position to a managerial, supervisory, or human resources position will receive the above described Management Training.

8.     Any employee required to attend any training under this Decree will verify in writing his or her attendance at each training.

9.     Within thirty days after the Effective Date, Defendant will submit to EEOC a description of the trainings to be provided and an outline of the curriculum developed for the trainees.

10.     Upon receipt, the EEOC may provide comment within thirty days regarding any necessary revisions to the training.

11.     Defendant will give the EEOC a minimum of seven business days advance written notice of the date, time and location of each of the annual

-12-

trainings provided pursuant to this Decree. An EEOC representative may attend any such training, at the sole discretion of the EEOC.

## XI.   RECORD-KEEPING

Defendant will work with the Consultant to establish a record-keeping procedure that provides for the centralized tracking of discrimination, harassment, and retaliation complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained will include all documents and forms that:

A.   are generated in connection with any complaint;

B.   acknowledge employees' receipt of the revised anti-discrimination, anti-harassment, and anti-retaliation policy; and

C.   verify the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

D.   are generated in connection with the monitoring, counseling, and disciplining of employees whom Defendant or the HR Department determines have engaged in behavior that may be discriminatory, harassing and/or retaliatory; and

E.   are generated in connection with confidential follow-up inquiries into whether any complainant believes he or she has been retaliated against.

Defendant will send copies of the aforementioned records to the EEOC within ten business days following a written request by the EEOC.

## XII.   REPORTING

In addition to the notice and reporting requirements above, Defendant will provide the following reports to the EEOC in writing, by mail or e-mail:

-13-

A.     Within ninety days after the Effective Date, Defendant will submit to EEOC an initial report containing:

1.     a summary of the procedures and record-keeping methods developed with the Consultant for centralized tracking of discrimination, harassment, and retaliation complaints and the monitoring of such complaints;

2.     a statement confirming that the required notices pertaining to this Decree have been posted; and

3.     a statement confirming all training has been completed.

B.     Defendant will also provide the following reports semi-annually throughout the term of this Decree:

1.     complete attendance lists for all training sessions required under this Decree that took place during the previous six months;

2.     a description of all discrimination, harassment, and retaliation complaints made, investigated, or resolved in the previous six-months, including the names of the complainants; the nature of the complaint; the names of the alleged perpetrators of discrimination, harassment, or retaliation; the dates of the alleged harassment or retaliation; a brief summary of how each complaint was resolved; and the identity of each of the employee(s) who investigated or resolved each complaint and the identity and most recent contact information for each witness identified by the complainant and/or investigation; and

3.     an analysis of the monitoring done when more than one complaint is filed by or against a particular employee, as well as any investigation or resolution.

C.     A report detailing any planned changes to the policies, procedures or record-keeping methods for complaints, at least thirty days prior to implementing such changes.

# XIII. COSTS OF CONSENT DECREE

Defendant will bear all costs associated with their administration and implementation of its obligations under this Decree.

# XIV. COSTS AND ATTORNEYS' FEES

Each Party will bear its own costs of suit and attorneys' fees.

# XV. MISCELLANEOUS PROVISIONS

A.    During the term of this Decree, Defendant will provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and will simultaneously provide the EEOC with written notice of same.

B.    During the term of this Decree, Defendant and their successors will ensure that each of their directors, officers, human resource personnel, managers, supervisors, and leads is aware of any term(s) of this Decree which may be related to his/her job duties.

C.    Unless otherwise stated, all notices, reports and correspondence required under this Decree will be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

D.    The parties agree to entry of this Decree and judgment subject to final approval by the Court.

# XVI. COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts. A facsimile signature will have the same force and effect of an original signature or copy thereof.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.


U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


Dated: 1/12, 2012          By: _____
                           for Anna Y. Park, Regional Attorney
                           Attorneys for Plaintiff EEOC



Shack-Findlay Automotive, LLC


Dated: 1/5, 2012           By: _____
                           Gregory H. King
                           Attorneys for Defendant
                           Shack-Findlay Automotive, LLC

## ORDER

**GOOD CAUSE** having been shown, the provisions of the foregoing Consent Decree are hereby approved.

**IT IS SO ORDERED.**

Date:  1/23/12

_____

Hon. **Kent J. Dawson**
United States District Judge

# Exhibit A

# Exhibit A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Las Vegas Local Office**

333 Las Vegas Blvd. South, Suite 8112
Las Vegas, NV 89101
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Las Vegas Status Line: (866) 408-8075
Las Vegas Direct Dial: (702) 388-5013
TTY (702) 388-5098
FAX (702) 388-5094

## NOTICE OF CONSENT DECREE

TO:    ALL EMPLOYEES OF FINDLAY HONDA HENDERSON

The U.S. Equal Employment Opportunity Commission filed a lawsuit in the United States District against Findlay Honda Henderson, et al., Case No. 2:10-cv-01692-KJD-RJJ. The U.S. Equal Employment Opportunity Commission is commonly referred to as the EEOC for short.

The lawsuit was brought by the EEOC on behalf of two African American employees, alleging that they had been subjected to racial harassment, discrimination, and retaliation when they opposed such harassment. Findlay Honda Henderson denied these allegations, but agreed to settled the case by entering into a "Consent Decree" with the EEOC.

Pursuant to the Consent Decree, Findlay Honda Henderson is providing notice to all of its employees that alleged violations of its policy against harassment and discrimination will be thoroughly investigated. Individuals found to have violated that policy will be subject to discipline up to and including termination of employment. All employees will undergo training to correct and prevent unlawful harassment and discrimination towards employees.

Federal law requires that there be no racial harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment.

Findlay Honda Henderson is committed to complying with federal anti-discrimination laws in all respects. It will not tolerate sex harassment or discrimination, and will not tolerate retaliation against any employee because of the filing of a charge of discrimination, giving testimony or assistance, or participation in any manner in any investigation.

If you believe that you have been racially harassed, discriminated against because of your sex, national origin, age, race, color, religion, or disability, you may follow Findlay Honda Henderson's internal procedure and/or you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
333 Las Vegas Blvd., Suite 8112
Las Vegas, Nevada 89101
Telephone: (702) 388-5099